UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES WALTER WEBER,

Plaintiff,

v.

JOCELYNN NORDYKE, et al.,

Defendants.

CASE NO. 3:25-CV-5970-BHS-DWC

ORDER DECLINING SERVICE OF COMPLAINT AND TO SHOW CAUSE

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Charles Walter Weber, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 1. Having reviewed and screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A, the Court declines to direct service and, instead, orders Plaintiff to show cause not later than **December 18, 2025**, why this action should not be dismissed for lack of jurisdiction.

## I. Background

In the complaint, Plaintiff, an inmate at Washington Corrections Center, alleges Defendants Timothy Lang, Secretary of the Washington State Department of Corrections

("DOC"); Jocelynn Nordyke, a DOC administrative assistant; and Kimberly Pearson, a DOC records manager; have refused to remove a vacated conviction for attempted murder in the second degree from Plaintiff's records in the DOC's Offender Management Network Information ("OMNI") database. *See* Dkt. 1-1. He also contends these actions constitute violations of state law and alleges Defendant Derek Sanders, the Thurston County Sheriff, refused to make a complaint when Plaintiff reported these alleged violations. *See id.* Plaintiff argues Defendants' actions infringed on his rights to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution. *See id.* He seeks only injunctive relief, requesting the Court order Defendants Nordyke, Pearson, and Lang to remove the vacated conviction from his OMNI sheet and/or order Defendant Sanders to "make a complaint against them for injury to record." *Id.* at 23.

## II. Screening Standard

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). "Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action '[w]henever it appears . . . that the court lacks jurisdiction of the subject matter[.]'" *Bird v. Bowen*, No. CIV S–08–1088, 2008 WL 3059466, at *1 (E.D. Cal. Aug. 5, 2008).

The Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## II. Discussion

Although Plaintiff styled his complaint as a civil rights action under 42 U.S.C. § 1983, it appears Plaintiff is requesting the Court issue a writ of mandamus to compel state officials to take certain action.

A district court has the authority to issue all writs, including writs of mandamus, which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Section 1651(a) does not provide a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). The district court also has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the *United States or any agency thereof* to perform a duty . . . ." 28 U.S.C. § 1361 (emphasis added). A petition for mandamus filed in federal court to compel a *state* official or agency to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties).

If Plaintiff is attempting to obtain a writ in this Court to compel the State of Washington and its officials to act, as he appears to be, this Court lacks jurisdiction, and the proposed complaint is "frivolous as a matter of law." *See Demos*, 925 F.2d at 1161–62. At this time, the Court finds it improbable Plaintiff can cure the deficiencies of his proposed complaint. However, in an abundance of caution, the Court will grant Plaintiff an opportunity to show cause by **December 18, 2025**, why this complaint should not be dismissed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

**III. Instruction to Plaintiff and the Clerk**

For the reasons identified above, if Plaintiff intends to proceed in this action, he must show cause not later than **December 18, 2025**, why this action should not be dismissed as frivolous and for lack of jurisdiction. If Plaintiff truly intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint containing a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present any amended complaint on the form provided by the Court. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains

factual allegations linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

Failure to respond to this order by the stated deadline or to adequately address the issues identified above will result in a recommendation this action be dismissed.

The Clerk is directed to send Plaintiff a copy of this order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 25th day of November, 2025.

David W. Christel
United States Magistrate Judge