UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES WALTER WEBER,

        Plaintiff,

v.

JOCELYNN NORDYKE, et al.,

        Defendants.

CASE NO. 3:25-CV-5970-BHS-DWC

ORDER DENYING MOTION TO APPOINT COUNSEL AND EXTENDING DEADLINE TO SHOW CAUSE

    The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Charles Walter Weber, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 1. Currently before the Court is Plaintiff's motion to appoint counsel (Dkt. 6).[1]

    On November 25, 2025, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A, declined to direct service, and ordered Plaintiff to show cause by December 18, 2025,

---

[1] In furtherance of judicial economy and efficiency, and because this complaint has not yet been served, the Court resolves Plaintiff's motion before the noting date and without a response from Defendants.

ORDER DENYING MOTION TO APPOINT
COUNSEL AND EXTENDING DEADLINE TO
SHOW CAUSE - 1

why this action should not be dismissed for lack of jurisdiction. Dkt. 5. On December 9, 2025, Plaintiff filed the instant motion requesting appointment of counsel. Dkt. 6.

There is no constitutional right to appointed counsel in a § 1983 action. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). A district court may appoint voluntary counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but only in "exceptional circumstances." *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court evaluates "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Therefore, to show exceptional circumstances warranting appointment of counsel, a plaintiff must plead facts showing he has (1) an insufficient grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his motion, Plaintiff states he has made multiple unsuccessful attempts to retain counsel to aid him in litigating this case but does not further explain his need for representation. Dkt. 6. Plaintiff has not shown an inability to articulate the factual basis of his claims in an understandable manner. While Plaintiff may be able to better litigate this case with appointed counsel, that fact alone does not establish exceptional circumstances warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Further, as noted in the Court's order declining service, it appears from the face of the complaint that there may be fatal

ORDER DENYING MOTION TO APPOINT
COUNSEL AND EXTENDING DEADLINE TO
SHOW CAUSE - 2

defects in Plaintiff's case because the Court does not have the power to compel a state official to take or refrain from some action. *See* Dkt. 5 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161 (9th Cir. 1991); *Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998)). Because Plaintiff has not shown appointment of counsel is appropriate at this time, his motion to appoint counsel (Dkt. 6) is denied without prejudice.

Because Plaintiff filed this motion to appoint counsel before the deadline to show cause, which expired while this motion was pending, the Court will provide an extension of time to show cause why this case should not be dismissed. If Plaintiff intends to proceed in this action, he must show cause not later than **January 5, 2026**, why this action should not be dismissed for the reasons explained in the Court's November 25, 2025, order. Plaintiff is reminded that his amended complaint should contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Plaintiff shall present any amended complaint on the form provided by the Court. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. Failure to respond to this order by the stated deadline or to adequately address the issues identified above will result in a recommendation this action be dismissed.

Dated this 22nd day of December, 2025.

David W. Christel
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT
COUNSEL AND EXTENDING DEADLINE TO
SHOW CAUSE - 3