UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES WALTER WEBER,

Plaintiff,

v.

JOCELYNN NORDYKE, et al.,

Defendants.

CASE NO. 3:25-CV-5970-BHS-DWC

ORDER DENYING PLAINTIFF'S MOTION TO CEASE COLLECTION OF FILING FEE

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Charles Walter Weber, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983. *See* Dkts. 1, 3, 4. After the Court screened and declined to serve his complaint, Plaintiff voluntarily dismissed the case on December 31, 2025, and the case was closed. Dkts. 5, 8. Currently before the Court is Plaintiff's motion requesting the Court order the Washington State Department of Corrections ("DOC") to cease collection of the filing fee (Dkt. 9).[1] For the reasons below, Plaintiff's motion (Dkt. 9) is DENIED.

---

[1] In furtherance of judicial economy and efficiency, and because this complaint has not been served, the Court resolves Plaintiff's motion before the noting date and without a response from Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO
CEASE COLLECTION OF FILING FEE - 1

On October 31, 2025, Plaintiff initiated this case by filing an application to proceed *in forma pauperis* ("IFP") and proposed civil rights complaint. Dkt. 1. Under 28 U.S.C. § 1915(a), the Court may authorize the commencement of an action without the prepayment of fees by granting a prisoner plaintiff's request for IFP status. When a prisoner is granted IFP status, they are permitted to proceed without paying the filing fee at the start of the action but are still required to pay the full amount of the filing fee over time. *See* 28 U.S.C. § 1915(b). As a part of his IFP application, Plaintiff signed an "Acknowledgement and Authorization" that makes clear he is responsible for payment of the full filing fee under § 1915 and authorized the agency having custody of him (here, DOC) to collect payments from his account. Dkt. 1 at 3. On November 25, 2025, the Court granted Plaintiff's request to proceed IFP. Dkt. 3.

In his motion, Plaintiff argues DOC should cease collection of the filing fee because he voluntarily withdrew his lawsuit and the case is closed. Dkt. 9. "Filing fees are part of the costs of litigation," and prisoner cases are no exception. *Slaughter v. Carey*, No. CIV S-03-0851, 2007 WL 1865501, at *2 (E.D. Cal. Jun. 28, 2007) (quoting *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998)). District courts in the Ninth Circuit have found that 28 U.S.C. § 1915 does not provide for the return or cancellation of fees and the decision to file and prosecute a case is made solely by the plaintiff. *See James v. Cropp*, No. C12–5159, 2012 WL 1669727, at *1–2 (W.D. Wash. Apr. 13, 2012); *Grindling v. Martone*, Civ. No. 12–00361, 2012 WL 4502954, at *1–2 (D. Haw. Sept. 28, 2012) (plaintiff denied refund after voluntary dismissal); *Green v. Bank of Am.*, No. 2:12–cv–02093, 2012 WL 5032414, at *1 (E.D. Cal. Oct. 17, 2012) (same).

ORDER DENYING PLAINTIFF'S MOTION TO
CEASE COLLECTION OF FILING FEE - 2

Plaintiff does not identify, nor does the Court find, any precedent permitting the Court to terminate the payment of the filing fee in this situation. Accordingly, Plaintiff's motion (Dkt. 9) is denied.

Dated this 27th day of January, 2026.

David W. Christel
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO
CEASE COLLECTION OF FILING FEE - 3